| | |
|---|---|
| In re: | Case No. 19-40211 |
| | Jointly Administered |
| SKYMARK PROPERTIES II, LLC, et al.,[1] | |
| | Chapter 11 |
| Debtors. | |
| _____/ | Judge Thomas J. Tucker |

# OPINION REGARDING DEBTORS' MOTION
# FOR STAY PENDING APPEAL

## I. Introduction

These jointly-administered cases are before the Court on the Debtors' motion for a stay pending appeal, filed March 6, 2019.[2] The Court concludes that a hearing on the motion is not necessary. For the reasons stated below, the Court will deny the motion.

## II. Relevant procedural facts

On February 21, 2019, the Court entered orders in these cases which, in relevant part (1) dismissed these jointly-administered cases; (2) barred the Debtors "from filing any new bankruptcy case . . . for a period of two years after the entry of [the Dismissal] Order[s];" and (3) barred any other person (individual or entity) . . . from filing any involuntary bankruptcy petition against the Debtor[s], for a period of two years after the entry of [the Dismissal] Order[s]."[3] That

---

[1] This case is jointly administered with the case of Skymark Properties SPE LLC, Case No. 19-40248.

[2] Docket # 101 in Case No. 19-40211.

[3] *See* "Order Granting the Motion by Secured Creditor Southfield Metro Center Holdings LLC to Dismiss this Bankruptcy Case (Docket # 24)" (Docket # 91 in Case No. 19-4021); Order Granting the Joint Motion by Receiver Nai Farbman and Secured Creditor Southfield Metro Center Holdings LLC to Dismiss this Bankruptcy Case (Docket # 32)" (Docket # 83 in Case No. 19-40248), (collectively, the "Dismissal Orders").

same day, the Court also had entered an order denying the motion filed by the Debtor Skymark Properties SPE, LLC seeking authority to use cash collateral.[4] The Court entered these orders for the reasons explained in detail in two written opinions, also filed on February 21, 2019.[5] On March 6, 2019, the Debtors filed notices of appeal of these orders,[6] and a motion for a stay of the Dismissal Orders pending appeal (the "Stay Motion").[7]

In the Stay Motion, the Debtors seek the following:

> a stay of enforcement by [Southfield Metro Center Holdings, LLC ("SMCH")] pending appeal [of the Dismissal Orders], including the following specific actions: (1) foreclosure by SMCH of Debtors' property; (2) sale of Debtors' property by state court receiver(s); and (3) enforcement by SMCH of the final two steps regarding assignment of rents under Michigan law (i.e., step 4 - recording of notice of default; and step 5 - service of recorded notice of default and instrument creating assignment of rents on tenants).[8]

**III. Discussion**

**A. Law applicable to a motion for stay pending appeal**

In *In re Gilbert*, 541 B.R. 415 (Bankr. E.D. Mich. 2015), this Court discussed the law applicable to a motion for a stay pending appeal:

> [A motion for a stay pending appeal] is governed by Fed.R.Bankr.P. 8007, which states that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment,

---

[4] Docket # 81 in Case No. 19-40248.

[5] Docket ## 80 and 82 in Case No. 19-40248; Docket # 90 in Case No. 19-40211.

[6] Docket # 99 in Case No.19-40211; Docket # 86 in Case No. 19-40248.

[7] Docket # 101 in Case No. 19-40211.

[8] Stay Mot. at 4 ¶ 13.

2

order, or decree of the bankruptcy court pending appeal."
Fed.R.Bankr.P. 8007(a)(1)(A). This rule also states:

> Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:
>
> (1) suspend or order the continuation of other proceedings in the case; or
>
> (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

Fed.R.Bankr.P. 8007(e).

The factors that courts must apply in determining whether to grant a stay pending appeal were discussed in *Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). In *Griepentrog,* the Sixth Circuit held:

> In determining whether a stay should be granted under Fed.R.Civ.P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.
>
> Although the factors to be considered are the same for both a preliminary injunction and a stay pending appeal, the balancing process is not identical due to the different procedural posture in which each judicial determination arises. Upon a motion for a preliminary injunction, the court must make a decision based upon "incomplete factual findings

3

and legal research." Even so, that decision is generally accorded a great deal of deference on appellate review and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.

Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality

4

of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Id.* (citations omitted); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012)(*per curiam*); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). . . . [T]he moving party, bears the burden of establishing by a preponderance of the evidence that he is entitled to the stay. *See Husted*, 698 F.3d at 343; *In re Holstine*, 458 B.R. 392, 394 (Bankr. E.D. Mich. 2011). "[A] court's decision to [grant or] deny a [stay pending appeal] is highly discretionary." *Id.* (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).

*Id.* at 417-419; *see also Michigan State A. Philip Randolph Inst. v. Johnson*, 749 F. App'x 342, 344 (6th Cir. 2018).

### B. Consideration of the relevant factors

The Court concludes that the Debtors have not satisfied their burden, and that a stay pending appeal should not be granted.

**1. Factor No. 1 (The Debtors' likelihood of success on appeal)**

"The likelihood of success [on appeal] is perhaps the most important factor. . . . As stated above, the movant must show a likelihood of reversal." *Johnson*, 749 Fed. App'x at 344 (citation omitted). The Court notes that although under *Griepentrog*,

> [t]o justify the granting of a stay, . . . a movant need not always establish a high probability of success on the merits, . . .even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [nonmoving party] if a stay is granted, **[the movant] is still required to show, at a minimum, "serious questions going to the merits."**

*Griepentrog*, 945 F.2d at 153-154 (emphasis added) (citations omitted). "In essence a stay must ordinarily demonstrate to a reviewing court that this is a **likelihood** of reversal." *Id.* at 153 (emphasis added).

The Debtors have not satisfied this standard in their Stay Motion. The Court concludes that Debtors' likelihood of prevailing on the merits of their appeals is very low, and that there are no serious questions going to the merits of the appeals. This is so for the reasons stated in this Court's written opinions, filed February 21, 2019.[9]

Thus, the first stay factor weighs strongly against granting a stay pending appeal. The Court's conclusion about this first stay factor is alone fatal to Debtors' Stay Motion, under the Sixth Circuit's decision in *Griepentrog*, quoted above.

**2. Factor No. 2 (likelihood of irreparable harm to the Debtors)**

Nor have the Debtors demonstrated that the second stay factor, "the likelihood that the moving party will be irreparably harmed absent a stay," favors a stay pending appeal. The

---

[9] *See* footnote 5 above.

Debtors' arguments on this factor is that:

1. "If SMCH is permitted to finalize the two remaining steps regarding assignment of rents (steps 4 and 5), [the] Debtors' appeal would be rendered moot;"[10] and

2. "[A]bsent a stay within the scope set forth above, [the] Debtors will be prevented from preserving the significant equity in their real property."[11]

These vague allegations are insufficient to satisfy the Debtors' burden of showing "*irreparable* harm." First, the Stay Motion alleges:

> SMCH is already prevented from taking the final two steps regarding Skymark Properties SPE's property by the Oakland County Circuit Court's Order Appointing Receiver and subsequent Stipulated Order Regarding Budget And Amending Order Appointing Receiver (attached as Exhibit 6a). However, that Order is not applicable to Skymark Properties II, which admittedly has no rents. Realistically, this requested relief does nothing more than prohibit SMCH from doing that which it is already prohibited from doing.[12]

Based on this allegation alone, the Court cannot find and conclude that the Debtors will be irreparably harmed by its failure to grant the Stay Motion, at least with regard to the portion of the relief that seeks a stay of SMCH's enforcement regarding "the final two steps regarding assignment of rents under Michigan law." According to the Debtors, they already have received that portion of the relief they are seeking in the Stay Motion, in the state court.

Second, the Court notes that '[t]he key word in [considering the second factor] is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.'" *Sampson v. Murray*, 415 U.S. 61, 90 (1974)

---

[10] Stay Mot. at 6 ¶ 18.

[11] *Id.* at 7 ¶ 19.

[12] *Id.* at 4 n. 2.

(footnotes and citation omitted).  The Court's Dismissal Orders do not preclude the Debtors from contesting foreclosure or sale of the property at issue, on any valid ground they may have under state law.  And even assuming that foreclosure or sale does occur under state law, the Debtors fail to explain how such foreclosure or sale of the property would result in the loss of the Debtors' alleged equity in the property.  To the contrary, this Court has concluded that the Debtors would have ample opportunity, outside of bankruptcy, to preserve their alleged equity in the property at issue, for the reasons stated in its dismissal opinion filed February 21, 2019.[13]

For these reasons, the Court finds that the Debtors have failed to demonstrate that there is a likelihood of their suffering irreparable harm absent a stay pending appeal.

**3. Factor Nos. 3 and 4 (harm to others; the public interest)**

Finally, the third and fourth stay factors, namely, "the prospect that others will be harmed if the court grants the stay;" and "the public interest in granting the stay," each weigh against granting a stay pending appeal.  The requested stay pending appeal, preventing the sale or foreclosure of the property at issue, would unduly limit the discretion and the options of the Receiver in exercising its best judgment, subject to the supervision of the state court, on how to maximize the value of the property for the benefit of the Debtors' creditors and the Debtors.

A stay pending appeal also would unduly delay the Debtors' creditors from exercising their rights under state law to collect their debts.  "[T]here is a public interest in the preventing debtors from using the bankruptcy process to unduly delay creditors from collecting on their [debts]." *See Smith*, 501 B.R. 332 (citation omitted).

Thus, none of the relevant factors weigh in favor of granting a stay pending appeal.  In the

---

[13] *See, e.g.*, Opinion (Docket # 90 in Case No. 19-40211) at 15-16.

exercise of its discretion under Fed.R.Bankr.P. 8007, the Court will deny the Stay Motion.

## III.  Conclusion

For the reasons stated in this opinion, the Court will enter an order denying the Stay Motion.

**Signed on March 8, 2019**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**